# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RACHELLE LARAE OWENS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-18-358-RAW-SPS |

## REPORT AND RECOMMENDATION

The claimant Rachelle Larae Owens requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which

exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts from its

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was thirty years old at the time of the administrative hearing (Tr. 54). She completed two years of college, and has worked as a receptionist (Tr. 22, 259). The claimant alleges inability to work since June 1, 2014, due to pustular psoriasis, psoriatic arthritis, depression, anxiety, and hidradenitis supperativa (Tr. 258).

### Procedural History

On April 25, 2016, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on April 30, 2016. The applications were denied. ALJ Lantz McClain conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated April 6, 2017 (Tr. 10-24). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), *i. e.*, she could lift/carry ten pounds occasionally and up to ten pounds frequently, stand and/or walk at least two hours in an eight-hour workday, and sit at least six hours in an eight-hour workday, but further found

that she could perform no more than frequent handling and fingering. Additionally, he found she could perform simple, repetitive tasks and relate to co-workers and supervisors superficially, but that she was unable to work with the public (Tr. 14-15). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform, *i. e.*, document preparer and touch-up screener (Tr. 22-23).

## Review

The claimant contends that the ALJ erred by: (i) failing to properly evaluate the treating physician opinions of Dr. Anna Miller and Dr. Isabel Vega, and (ii) failing to properly account for the state reviewing physician opinions as to her mental impairments. The undersigned Magistrate Judge agrees with the claimant's first contention, and the decision of the Commissioner should be reversed.

The ALJ determined that the claimant had the severe impairments of psoriasis, depression, and anxiety (Tr. 13). The relevant medical evidence demonstrates that the claimant had psoriasis and sought treatment for pustular psoriasis. In October 2014, the claimant went to her treating physician and was diagnosed with psoriasis and psoriatic arthritis, noting that she had been under these conditions since June 2014 (Tr. 461-463). She presented to the emergency room at Hastings Hospital several times with complaints related to this impairment in 2015 (Tr. 364, 379, 407, 417). During the course of her treatment, she was informed that her psoriasis was not curable, but was manageable (Tr. 430). At a July 2015 office visit, the claimant was noted to have generalized erythema and scaling, as well as uniform redness covering the entire body with variable scaling, and

-4-

a 20% improvement (Tr. 434, 620). The claimant also received treatment at Hastings Hospital by Dr. Anna Miller (Tr. 731). Treatment notes from Dr. Miller in May 2017 reflect that the claimant had failed previous therapies and continued to have joint flares and skin changes, noting the claimant was "very compliant and informed" (Tr. 866). She stated that literature suggests that psoriatic arthritis does not respond completely to any recommended therapy and inevitably progresses and required frequent weekly medical appointment care. She also stated that it was "clear that this patient is unable to stand, sit, bend, walk for more than 15 min at least 3-4 days a week" (Tr. 866).

On October 6, 2017, Dr. Miller completed a physical Medical Source Statement (MSS) in which she noted the claimant's diagnosis was psoriatic arthritis with a poor prognosis (Tr. 929). She circled indicators that the claimant could sit/stand ten to thirty minutes at a time and walk ten minutes at a time, and that she could sit/stand/walk less than two hours in an eight-hour workday (Tr. 929). She further indicated the claimant could only infrequently lift even the lightest amount of weight; only infrequently bend, reach, squat, climb, or crawl; and only occasionally finger and handle. Additionally, she indicated the claimant would need to take unscheduled breaks every thirty minutes, and that the condition would produce good days and bad days resulting in absences from work more than three times a month (Tr. 930).

The claimant also received treatment from Dr. Isabel Vega, whose treatment notes reflect lesions on her hands and feet, as well as abnormal nails with severe onycholysis (Tr. 471, 524). Dr. Vega assessed the claimant with worsening pustular psoriasis and psoriasis with arthropathy, along with low back pain (Tr. 484). An x-ray of the lumbar

spine revealed minimal spondylosis at L5 (Tr. 486). The claimant continued to report problems with psoriasis although it would stabilize at times, and also continued to report pain (Tr. 812). In August 2017, Dr. Vega noted another exacerbation of psoriasis, and again noted lesions but that her nails were improving (Tr. 921, 923). She also noted that the claimant had tender points on palpation of the back (Tr. 923).

On October 10, 2017, Dr. Vega likewise completed a physical MSS in which she noted a two-year treatment relationship, as well as diagnoses of psoriatic arthritis, pustular psoriasis, and low back pain, with a guarded prognosis (Tr. 932). She opined the claimant could sit one hour at a time, and stand ten to thirty minutes at a time, but that she could sit/stand/walk less than two hours in an eight-hour workday (Tr. 932). She checked boxes indicating that the claimant could only occasionally lift up to five pounds and infrequently up to twenty pounds, but that she could only infrequently bend, squat, crawl, climb, and reach (Tr. 933). She further indicated that the claimant could infrequently handle and occasionally finger but would need to take an unscheduled fifteen-minute break every hour and would likely be absent more than three days per month (Tr. 933-934). She referred to objective findings of open pustular lesions on the claimant's hands and feet that get worse sometimes with bleeding and infection, noting the claimant had lost fingernails and toenails (Tr. 934). In reference to the claimant's pain, she again referred to open lesions, as well as puffiness on hands, tenderness of the lower back, and sometimes difficulty with ambulation (Tr. 934).

The claimant also received treatment for her mental impairments, including individual therapy in which she noted that her physical impairments, including chronic

pain, had "gotten her down" (Tr. 555).

On July 16, 2016, Dr. Cameron Smith examined the claimant and assessed her with psoriatic arthritis of the right shoulder and right foot, pustular psoriasis, depression, and chronic neck pain (Tr. 516). He noted she had difficulty with right shoulder and right foot range of motion, as well as some limited range of motion of the back and neck and positive straight leg raise tests (Tr. 516-519). State reviewing physicians indicated that the claimant could perform light work with no manipulative, postural, visual, communicative, or environmental limitations (Tr. 83-84, 121-122).

The claimant asserts that the ALJ erred in evaluating the opinion evidence in the record, and the undersigned Magistrate Judge agrees. The medical opinions of treating physicians are entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "consistent with other substantial evidence in the record." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). When a treating physician's opinion is not entitled to controlling weight, the ALJ must determine the proper weight. The pertinent factors include the following: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins*, 350 F.3d at 1300-1301, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). If the ALJ decides to reject a treating physician's opinion entirely, he is required to "give specific, legitimate reasons for doing so." *Id.* at 1301 [quotations and citations omitted]. In sum, it must be "clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300, *citing* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (July 2, 1996).

In his written opinion, the ALJ summarized the claimant's hearing testimony as well as the medical evidence in the record, repeatedly noting that despite lesions on her feet, the claimant was assessed with a normal gait (Tr. 21). As to the opinions from Dr. Miller and Dr. Vega, the ALJ disregarded both of them. As to Dr. Miller, the ALJ found it "clearly exaggerated based upon any reasonable analysis of her condition," stating that the evidence gave no reason the claimant would be prevented from sitting (Tr. 22). He further noted that the claimant's sister reported the claimant provides basic care for her three children, finding that it did not correlate with a person who needed to lie day most of the day (Tr. 22). He did not mention that, in the same report, the sister and mother also helped with feeding and bathing the kids, and that the typical day involved taking a nap (Tr. 269). He then stated that Dr. Vega's opinion must be disregarded for the same reason (Tr. 22). As to the state reviewing physician opinions, the ALJ noted they found the claimant could perform light work but modified it to sedentary work due to blisters on her feet, and no more than frequent handling or fingering due to problems with her grip (Tr. 22). He then concluded that the claimant was not disabled.

Although the ALJ noted the proper analysis at the outset of step four, he failed to properly apply it when he ignored the evidence in the record and proceeded to modify or reject every opinion of her examining and reviewing physicians. He likewise ignored the length of the claimant's treatment relationship with both physicians, as well as specific treatment notes indicating that the claimant's psoriasis could not be eradicated and would require continuing, ongoing treatment as well as involve waxing and waning symptoms. Furthermore, the ALJ failed to account for the claimant's continuing and ongoing seeking out and receiving treatment for persistent and worsening psoriasis and back pain, as well as consistent assessments that she had limited range of motion of the back. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-386 (7th Cir. 1984).

Because the ALJ failed to properly evaluate the evidence available in the record, the decision of the Commissioner must be reversed and the case remanded to the ALJ for a proper analysis in accordance with the appropriate standards. If such analysis results in adjustment to the claimant's RFC, the ALJ should re-determine what work, if any, the claimant can perform and ultimately whether she is disabled.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the

ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 28th day of February, 2020.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**